Case 4:16-cv-01271   Document 12   Filed in TXSD on 03/07/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE GARCIA JR, TDCJ #01953011, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-16-1271 |
| | § | |
| DR. BOB, *et al*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Joe Garcia, Jr. (TDCJ #01953011) is presently incarcerated in the Texas Department of Criminal Justice at the Wayne Scott Unit in Angleton, Texas. Plaintiff, proceeding *in forma pauperis* and *pro se*, has filed this complaint alleging a violation of his civil rights under 42 U.S.C. § 1983. (Docket Entry No. 1). At the Court's request, Plaintiff also submitted a More Definite Statement. (Docket Entry No. 11). The Court will dismiss plaintiff's complaint because it is legally frivolous and fails to state a claim under 28 U.S.C. § 1915A.

### I.   BACKGROUND

On or around July 15, 2014, at the Harris County Psychiatric Center, Plaintiff allegedly suffered an allergic reaction to an injection of haldol.[1] Plaintiff alleges that Defendant Dr. Bob and his medical team did not give him adequate medical care, laughed during his seizure and tremors, and did not take his medical condition seriously.[2] Plaintiff further alleges that he could not breathe correctly, had uncontrollable body movements, and cramps as the result of the

---

[1] Docket Entry No. 11 (Plaintiff's More Definite Statement) at 1-2.

injection.[3]  He further claims that the medical staff delayed prescribing medication to treat his adverse reaction to the haldol, but that he eventually received the medication he had requested.[4]  Plaintiff claims that he now has breathing problems and suffers from Post-Traumatic Stress Disorder ("P.T.S.D.") and is afraid of psychiatric nurses.[5]   For relief, Plaintiff seeks compensation for his injuries and an unspecified change in policy.[6]

## II.     PRISONER LITIGATION REFORM ACT

Plaintiff's complaint is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). On review, the court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.

---

[3] *Id.*

[4] *Id.* at 5.

[5] *Id.* at 5-6.

[6] Docket Entry No. 1 (Complaint) at 4.

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir.1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

### III.   DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The plaintiff must prove that he was exposed to a substantial risk of serious harm from an objective standpoint. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834.  The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002).  In the context of medical treatment, a plaintiff must allege facts to show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell,* 463 F.3d

339, 346 (5th Cir.2006) (internal quotation marks and citation omitted).  "Further, a delay in treatment does not violate the Eighth Amendment unless the defendants were deliberately indifferent to a serious medical need *and* their indifference resulted in substantial harm." *McCoy v. Pace*, 493 F. App'x 494, 495 (5th Cir. 2012) (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993)).

An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment.  *See, e.g., Wilson v. Seiter,* 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim); *Norton v. Dimazana,* 122 F.3d 286, 291-92 (5th Cir.1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir.1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); *Wagner v. Bay City,* 227 F.3d 316, 324 (5th Cir.2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably").  "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985).

Plaintiff complains that the defendants did not take is allergic reaction seriously at first and that they delayed administering Benadryl or muscle relaxants to treat his side effects.  Plaintiff pleads no facts to indicate that defendants acted with deliberate indifference to his medical needs or that they were subjectively aware of a risk of serious harm and consciously

disregarded that risk. Plaintiff also pleads no facts to demonstrate that the alleged delay in receiving medication for his side effects resulted in substantial harm to him.

At most, Plaintiff has stated a claim of negligence, malpractice, or disagreement with treatment, which are insufficient to support a finding of deliberate indifference under the Eighth Amendment. *See Varnado,* 920 F.2d at 321; *see also Nunley v. Mills*, 217 F. App'x 322, 324 (5th Cir. 2007) (holding that being prescribed the wrong medication did "not support a finding of deliberate indifference under the Eighth Amendment"). Accordingly, the Court will dismiss Plaintiff's claim as frivolous and for failure to state a claim for which relief may be granted.

### IV.  ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's civil rights complaint is **DISMISSED with prejudice**, as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b).
2. Plaintiff's Motion to Make Smaller Payments (Docket Entry No. 7) is **DENIED**.
3. Plaintiff's Motion for Extension of Time to Answer Order (Docket Entry No. 10) is **DENIED as MOOT**.
4. All other pending motions, if any, are **DENIED**.

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.**

SIGNED at Houston, Texas, this 7th day of March, 2017.

                                                MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE